[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant had a romantic relationship that resulted in the birth of Lauren Alayna Salatto on September 16, 1998. On March 24, 1999, the plaintiff filed this action seeking an entry of custody orders with respect to Lauren. On April 26, 1999, the parties entered into an agreement that was entered as orders of the court. The agreement provided that the parties would have joint legal custody of Lauren, primary physical residence with the plaintiff. The defendant was awarded rights of visitation. On October 26, 2000, the parties agreed that the defendant would have visitation with the child on Sundays from 11 a.m. until 6 p.m. and Tuesdays from 3 p.m. until 7 p.m.
The defendant has moved to modify the existing custody and visitation orders. He is requesting shared physical custody of Lauren, with Lauren residing with each parent an equal amount of the time. In the alternative, the defendant requests an increase in the amount of time that he is authorized to have visitation with the child. Specifically, the defendant asks for overnight visitation on the weekends and additional weekday visitation on Thursday evenings.
The plaintiff asks that the custody orders remain the same. She is amenable to an increase in visitation to include overnight visitation on alternating weekends and certain holidays.
The defendant claims that the plaintiff and the child lived with him from the child's birth on September 16, 1998 until September 2000 when CT Page 10399 the plaintiff moved with the child to her mother's home. He also asserts that he was the primary care giver for Lauren during this time. The defendant also contends that the plaintiff has attempted to alienate the child from him by referring to another man as "Daddy." He claims that it is in his child's best interests that he be given shared custody of her.
The plaintiff asserts that she never resided with the child at the defendant's home. She claims that, except for a two week period immediately following the birth of Lauren, she lived with the child at her mother's home and that she has always been the child's primary care giver. She contends that the defendant has made threatening remarks and degrading comments towards her and that they are unable to effectively communicate with each other. The plaintiff argues that shared custody is not in Lauren's best interests.
Based upon the evidence presented, the court finds the following facts. The plaintiff is employed as a head teacher at a day care center which Lauren also attends. The defendant works at a college bookstore owned by his brother. The plaintiff has always been the child's primary care giver. Immediately following the birth of Lauren, the plaintiff and the child lived temporarily with the defendant at his home for two weeks. The plaintiff then returned with the child to live with her mother at her home in West Haven. Until September 1999, the plaintiff and Lauren would occasionally spend approximately two nights each week at the defendant's house. The plaintiffs home in West Haven has been and continues to be the child's primary residence.
The plaintiff has provided Lauren with a stable and secure home since her birth. By all accounts, Lauren is developing appropriately in the plaintiffs care and she is happy and content living with the plaintiff.
The defendant remains angry with the plaintiff because of her relationships with other men. On several occasions, he has made threatening statements towards the plaintiff. The defendant has also made disparaging comments about the plaintiff and at times these comments have been made in front of the child.
The plaintiff and the defendant do not communicate well on issues related to Lauren's care and well-being. The defendant is not willing to discuss such issues with the plaintiff. The defendant believes that he should be able to raise Lauren as he sees fit when she is in his care. As a result, he does not share information concerning Lauren with the plaintiff and he is not willing to listen to the plaintiffs suggestions about Lauren's care.
In light of the defendant's anger and threats toward the plaintiff and CT Page 10400 his complete inability to communicate with her about Lauren's care and welfare, a shared physical custody arrangement would not be in Lauren's best interests.
The plaintiff agrees with the defendant's request for increased visitation. She agrees with the recommendation of the family relations counselor that the defendant should have visitation on Tuesday's from 3 p.m to 7 p.m. and on alternating weekends from Saturday at 5 p.m. until Sunday at 6 p.m. as well as visitation on Christmas Day, Easter and Thanksgiving. The defendant seeks additional visitation on Thursday evenings.
Two evening visits during the week are not in Lauren's best interests. The parties' strained relationship and their inability to communicate counsel for more limited visitation until their relationship and their communication improve. Moreover, should the defendant continue to make threatening and disparaging comments to the plaintiff, it would be in Lauren's best interests that the defendant's visitation be curtailed.
In light of the above, the court hereby enters the following orders:
1. The parties are awarded joint legal custody, primary physical custody shall be with the plaintiff.
2. The defendant is awarded rights of reasonable visitation, including visitation on Tuesday's from 3 p.m to 7 p.m. and on alternating weekends from Saturday at 5 p.m. until Sunday at 6 p.m. as well as visitation from 10 a.m. to 2 p.m. on Christmas Day, Easter and Thanksgiving.
3. The defendant is ordered to refrain from making any threatening or disparaging remarks towards the plaintiff.
BY THE COURT
 ____________________ JUDGE JON M. ALANDER